UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEFF WILLENS,

    Plaintiff,

-against-

VIDIPAX, LLC, GAIL H. CLARKE, STEVEN A. GOLDBERG, AND JOHN KRAININ,

    Defendants.

BLOCK, J.

LEVY, M.J.

COMPL**09** **3669**

PLAINTIFF DEMANDS A TRIAL BY JURY

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 2 4 2009 ★
BROOKLYN OFFICE

__-CV-____ (___)(___)

Plaintiff JEFF WILLENS (hereinafter "Plaintiff" or "Willens"), by his attorneys GLASS KRAKOWER LLP, complaining of Defendants VIDIPAX, LLP, GAIL H. CLARKE, STEVEN A. GOLDBERG, AND JOHN KRAININ (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking monetary damages and affirmative relief based upon Defendants' violations of the (i) federal Fair Labor Standards Act of 1938 (hereinafter referred to as the "FLSA"), as amended, 29 U.S.C. Section 201, *et seq.*, (ii) the federal Employee Retirement and Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Sections 1103, 1009, 1132, and 1145, and other appropriate rules, regulations, statutes, and ordinances.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court over the FLSA portion of this controversy is based upon 29 U.S.C. Section 201, *et seq.*, 28 U.S.C. Sections 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

3. Plaintiff has executed a Consent to Sue under the FLSA which is annexed hereto.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. Sec. 1367(a).

5. This Court has jurisdiction over this action pursuant to Section 515 of ERISA, 29 U.S.C. Sections 1132(a)(3), 1132(f), and 1145.

6. Defendants do business in the State of New York, within the Eastern District of New York, maintaining a place of business at 30-00 47th Avenue, Sixth Floor, Long Island City, NY 11101.

7. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. Section 1391.

8. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Plaintiff is a resident of this District.

## PARTIES

9. At all times relevant hereto, Plaintiff Jeff Willens has been a citizen of the United States and is a resident of the State of New Jersey.

10. Plaintiff was employed by Defendant VIDIPAX LLC (hereinafter referred to as "VIDIPAX") as a preservation specialist from September 2004 until April 2009, when he voluntarily separated from employment to seek paying work after failing to be paid wages owed by VIDIPAX as well as being unilaterally discontinued from health insurance coverage by VIDIPAX.

11. Upon information and belief, Defendant VIDIPAX was and still is a New York State limited liability company, organized and existing pursuant to the laws of the State of New York.

12. Upon information and belief, Defendant VIDIPAX's principal place of business was and still is 30-00 47th Street, Sixth Floor, Long Island City, NY 11101.

13. At all times hereinafter mentioned, Defendant VIDIPAX was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. Section 203(d), and New York State Labor Law Section 190(3).

14. Upon information and belief, and at all times hereinafter mentioned, Defendant GAIL H. CLARKE owns and/or operates Defendant VIDIPAX.

15. Upon information and belief, and at all times hereinafter mentioned, Defendant GAIL H. CLARKE is the President and Chief Operating Officer of Defendant VIDIPAX.

16. Upon information and belief, and at all times hereinafter mentioned, Defendant GAIL H. CLARKE is an agent of Defendant VIDIPAX.

17. Upon information and belief, and at all times hereinafter mentioned, Defendant GAIL H. CLARKE has authority over personnel decisions for Defendant VIDIPAX.

18. Upon information and belief, and at all times hereinafter mentioned, Defendant GAIL H. CLARKE has authority over payroll decisions for Defendant VIDIPAX.

19. Upon information and belief, and at all times hereinafter mentioned, Defendant GAIL H. CLARKE has the authority to hire and fire employees for Defendant VIDIPAX.

20. Upon information and belief, and at all times hereinafter mentioned, Defendant GAIL H. CLARKE was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. Section 203(d), and New York State Labor Law Section 190(3).

21. Upon information and belief, and at all times hereinafter mentioned, Defendant GAIL H. CLARKE was the administrator and fiduciary within the meaning of Sections 3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. Sections 1002(16)(A)(i) and 1002(21)(A) with respect to the 401(k) plan.

22. Upon information and belief, and at all times hereinafter mentioned, Defendant STEVEN A. GOLDBERG owns, in whole or in part, Defendant VIDIPAX.

23. Upon information and belief, and at all times hereinafter mentioned, Defendant STEVEN A. GOLDBERG is an agent of Defendant VIDIPAX.

24. Upon information and belief, and at all times hereinafter mentioned, Defendant JOHN KRAININ owns, in whole or in part, Defendant VIDIPAX.

25. Upon information and belief, and at all times hereinafter mentioned, Defendant JOHN KRAININ is an agent of Defendant VIDIPAX.

26. At all times hereinafter mentioned, the activities of Defendants were related and performed through unified operations or common control for a common business purpose, and constituted an enterprise within the meaning of Section 3(r) and (s) of the FLSA, 29 U.S.C. Section 203(r) and (s).

27. At all times hereinafter mentioned, Defendants employed individuals, including Plaintiff herein, who regularly were engaged in commerce or in the production of goods for commerce or its handling, selling, or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. Sections 203(b), (g), (i), (j), (r), and(s)

## FACTS

28. Plaintiff was an employee of Defendant VIDIPAX LLC, in the job title of preservation specialist, working under the direct supervision of all or some of Defendants from September 2004 until April 2009.

29. Plaintiff resigned his position in April 2009 because, *inter alia*, Defendants refused to pay him wages which he was due for several months and was forced to seek other regular paying work.

## DENIAL OF MEDICAL INSURANCE COVERAGE

30. Plaintiff further resigned his position because Defendants unlawfully caused cancellation of his family medical and dental insurance coverage, by unlawfully discontinuing paying premiums for which Plaintiff was contributing without giving him prior notice under New York State Labor Law Section 217, at a time when Plaintiff's wife was pregnant.

31. During Plaintiff's employment with Defendants, Plaintiff regularly had money removed from his paycheck by Defendants for medical insurance coverage and dental insurance coverage (hereinafter referred to as the "medical plan" and "dental plan").

32. Defendants were responsible for depositing Plaintiff's money into an account for the medical plan and dental plan.

33. Defendants regularly removed money from Plaintiff's paycheck for the medical plan and dental plan premiums.

34. Upon information and belief, Defendants did not redeposit any money into Plaintiff's paycheck for the premiums deducted for the medical plan and dental plan during a time period during his employment with Defendants to be determined by the court.

35. This lack of health insurance coverage left Plaintiff and his pregnant wife without health insurance coverage, and rendered them unable to obtain new coverage because of his wife's preexisting condition related to the pregnancy, which has resulted in tens of thousands of dollars of unreimbursed out-of-pocket medical expenses incurred by Plaintiff and his wife to date.

## FAILURE TO PAY OVERTIME

36. Between September 2004 and October 2007, Plaintiff was misclassified as a salaried employee and therefore deemed exempt from overtime requirements by Defendants.

37. Defendants reclassified Plaintiff as an hourly non-exempt employee in October 2007, although his job duties did not change.

38. Before Plaintiff was reclassified by Defendants, he worked an average of at least 55 hours per week during this period, but was not compensated for hours spent working over 40 in any single workweek.

39. In fact, Plaintiff was entitled to be paid overtime pay at the statutory rate of time and one-half (1 and ½) his regular rate of pay after he had worked forty (40) hours in a workweek.

40. Plaintiff worked more than sixty (60) hours in most workweeks in which he was employed by Defendants.

41. Defendants failed to compensate Plaintiff for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and ½) times his regular hourly rate, from the time period beginning at the commencement of his employment in September 2004 until December 2007.

## FAILURE OF DEFENDANTS TO MAKE 401(K) CONTRIBUTIONS

42. Plaintiff had 401(k) contributions removed from his bi-weekly paychecks by Defendants during the time period he worked for Defendant VIDIPAX.

43. At times during this time period to be determined by the Court, Defendants did not deposit any money into Plaintiff's 401(k) account, even though Plaintiff had 401(k) contributions removed from his bi-weekly paychecks by Defendants.

## FAILURE OF DEFENDANTS TO PAY EARNED WAGES AND TO PAY EARNED WAGES ON A TIMELY BASIS

44. Plaintiff was an employee entitled to be paid at regular intervals.

45. Plaintiff has performed work, labor and services for Defendants, and Defendants have failed to provide Plaintiff with compensation.

46. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate time sheets and payroll records.

47. Since January 2008, Defendants have not made regular wage payments or delayed these wage payments for several months at a time to Plaintiff and other employees.

48. Defendants thereby willfully and purposefully failed to pay Plaintiff at regular biweekly intervals and have failed to pay Plaintiff all the wages to which he is entitled.

## FAILURE TO PAY COMMISSIONS

49. On or about November 2008 to the end of his employment, Defendants offered a Commissions Program to Plaintiff, whereby Defendants agreed to pay an eight (8) percent commission on the total revenue for each new customer account originated by Plaintiff.

50. During this time period, Plaintiff brought in new revenue pursuant to the Commissions Program, but was not paid any Commissions.

51. Plaintiff is owed money pursuant to the Commissions Program by Defendants.

52. Defendants have not paid Plaintiff the wages he is owed pursuant to the Commissions Program.

53. On several occasions, Plaintiff expressed his desire, both orally and in writing, for his portion of Commissions, but Defendants failed to provide Plaintiff with payments of same.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR FAILURE TO PAY OVERTIME UNDER THE FLSA

54. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

55. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and ½) times his regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. Section 207(a)(1).

56. The complete records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of Defendants, and as such, Plaintiff is unable to state at this time the exact amount due and owing to him.

57. As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to him in the amount of the unpaid overtime compensation, together with interest and 100% liquidated damages, in an amount to be determined at trial.

58. As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to him in the amount of unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW

59. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

60. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and ½) times the regular hourly rate, in violation of the requirements of the New York State Labor Law.

61. The complete records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of Defendants, and as such, Plaintiff is unable to state at this time the exact amount due and owing to him.

62. By the course of conduct set forth above, Defendants have violated New York Labor Law Section 650 et seq., 12 N.Y.C.R.R. Section 137-1.3.

63. Defendants have a policy and practice of refusing to pay overtime compensation to Plaintiff and other employees.

64. Defendants' failure to pay overtime compensation to Plaintiff was willful within the meaning of New York Labor Section 663.

65. As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to him in the amount of the unpaid overtime compensation, at least 25% liquidated damages and interest, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

67. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

68. By failing to timely remit the contributions to Plaintiff's 401(k) plan and medical plan (hereinafter referred to as "Employee Benefit Plans"), and allowing those assets to be retained in, and commingled with Defendants' assets, Defendants (a) violated their duty to ensure that the Employee Benefit Plans' assets were held in trust by one or more trustees pursuant to the provision of ERISA Section 403(a), 29 U.S.C. Section 1102(a), and (b) permitted the Employee Benefit Plan's assets to inure to Defendants' benefit, in violation of ERISA Section 403(c)(1), 29 U.S.C. Section 1103(c)(1).

69. As a direct and proximate result of Defendants' breaches, the Employee Benefit Plans and its participants have suffered losses for which Defendants are liable, pursuant to ERISA Section 409, 29 U.S.C. Section 1109.

70. Defendants further breached Section 217 of the New York State Labor Law by failing to inform Plaintiff of the termination of his health and dental insurance policies and failure to remit premiums towards those policies.

71. As a direct and proximate result of Defendants' breaches, Defendants are liable for damages, including reimbursement for lost medical and dental expenses that were not covered as a result of Defendants' breaches.

## AS AND FOR A FOURTH CAUSE OF ACTION

## FOR BREACH OF FIDUCIARY DUTY, AN ERISA VIOLATION

72. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

73. By failing to timely remit the Employee Benefit Plans' contributions and by causing those assets to be, instead, retained in, and commingled with, Defendants' general assets, Defendants, acting in their fiduciary capacity: (a) engaged in prohibited transactions; (b) failed to discharge their duties with respect to the Employee Benefit Plans solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Employee Benefit Plans, as required by ERISA Section 404(a)(1)(A), 29 U.S.C. Section 1104(A)(1)(a); and (c) failed to act with the care, skill, prudence, and diligence under the circumstances prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character with like aims, as required by ERISA Section 404(a)(1)(B), 29 U.S.C. Section 1104(A)(1)(B).

74. As a direct and proximate result of Defendants' repeated failures to properly discharge their fiduciary duties, the Employee Benefit Plans and the participants have suffered losses, including lost investment income, for which Defendants are liable, pursuant to ERISA Section 409, 29 U.S.C. Section 1109.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR FREQUENCY OF WAGE PAYMENTS, A NEW YORK LABOR LAW VIOLATION

75. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

76. Plaintiffs allege that Defendants have violated New York Labor Law Section 191(d), in that Defendants have failed to make wage payments to Plaintiff at regular intervals, and fell behind more than six months in making earned wage payments to Plaintiff.

77. Plaintiff has performed labor and services for Defendants.

78. In return for said labor and services, Defendants promised to pay Plaintiff a salary, payable in semi-monthly installments.

79. Since January 2008, Defendants have failed to pay Plaintiff all or some of his promised salary, notwithstanding the fact that Plaintiff performed labor and services for Defendants.

80. Due to Defendants' New York State Labor Law violations, Plaintiff is entitled to recover from Defendants his regular unpaid wages, attorney's fees, and costs of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR UNLAWFUL WAGE DEDUCTIONS, A NEW YORK LABOR LAW VIOLATION

81. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

82. Plaintiff alleges that Defendants have violated New York Labor Law Section 193 in that Defendants have failed to make wage payments to Plaintiff.

83. Plaintiff has performed labor and services for Defendants.

84. In return for the performance of said labor and services, Defendants promised to pay Plaintiff a salary, payable in biweekly installments.

85. Since March 15, 2009, Defendants have failed to pay Plaintiff all or some of his promised salary, notwithstanding the fact that Plaintiff performed labor and services for Defendants.

86. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his regular unpaid regular wages, reasonable attorney's fees, and costs of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT, A NEW YORK COMMON LAW VIOLATION

87. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

88. Plaintiff individually performed labor and services for Defendants.

89. In return for the performance of said labor and services, Defendants promised to pay Plaintiff a salary, payable in biweekly installments.

90. Since March 15, 2009, Defendants have failed to pay Plaintiff all or some of his promised salary, notwithstanding the fact that Plaintiff performed labor and services for Defendants.

91. Defendants have been unjustly enriched by their outrageous conduct.

92. Due to Defendants' conduct, Plaintiff is entitled to recover from Defendants his unpaid regular wages, reasonable attorney's fees, and costs of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR BREACH OF A COMMISSIONS AGREEMENT, A NEW YORK COMMON LAW VIOLATION

93. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

94. By virtue of the foregoing, Defendants have breached their obligations under the Commissions Program.

95. Said breach was not due to any act of Plaintiff.

96. As a consequence of the foregoing, Plaintiff has been damaged in an amount to be determined by the Court.

## AS AND FOR A NINTH CAUSE OF ACTION
## FOR DETRIMENTAL RELIANCE ON THE COMMISSION PROGRAM, A NEW YORK COMMON LAW VIOLATION

97. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

98. Solely in reliance on the Commission Program offered by Defendants, Plaintiff performed services and expended sums of money for the benefit of Defendants.

99. Unless Defendants are required to pay Plaintiff in an amount to be determined by the Court, pursuant to the Commissions Program, Defendants will be unjustly enriched.

100. Plaintiff has demanded the sum owed to him under the Commissions Program from Defendants and, however, said amounts remain unpaid.

101. As a consequence of the foregoing, Plaintiff has been damaged in an amount to be determined by the Court.

## AS AND FOR AN TENTH CAUSE OF ACTION
## FOR DETRIMENTAL RELIANCE ON DEFENDANTS' REPRESENTATIONS, A NEW YORK COMMON LAW VIOLATION

102. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

103. Plaintiff continued to provide the services to Defendants in reliance upon specific representations from Defendants that Plaintiff would be paid in full and on a timely basis, all in accordance with the terms of the Commissions Program.

104. Defendants made such representations for the specific purpose of inducing Plaintiff to provide services.

105. Plaintiff continued to provide said services, with the full expectation that he would be paid in full by Defendants, in accordance with the Commissions Program.

106. To his detriment, Plaintiff relied on the representations of Defendants.

107. By reason of the foregoing, Plaintiff to his detriment has relied upon the representations of Defendants and such reliance has cost Plaintiff damages.

108. As a consequence of the foregoing, Plaintiff has been damaged in an amount to be determined by the Court.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR QUANTUM MERUIT, A NEW YORK COMMON LAW VIOLATION

109. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

110. Defendants were fully aware that Plaintiff was performing services for Defendants in accordance with the Commissions Program, and that Plaintiff expected to be paid for such services.

111. Defendants accepted and received the benefit of Plaintiff's services.

112. Defendants have not paid Plaintiff for the value of Plaintiff's services.

113. The reasonable value of Plaintiff's services is in an amount to be determined by the Court.

114. As a consequence of the foregoing, Plaintiff has been damaged in an amount to be determined by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court award the following relief against Defendants, on the first cause of action:

a. Judgment against Defendants for Plaintiff's unpaid back wages at the applicable overtime rate;

b. An equal amount to the overtime wage damages as liquidated damages;

c. Judgment against Defendants that their violations of the FLSA were willful;

d. To the extent liquidated damages are not awarded, an award of prejudgment interest;

e. All costs and attorneys' fees incurred prosecuting these claims; and

f. For such additional relief which the Court deems just, proper, and equitable.

**WHEREFORE**, Plaintiff respectfully requests that this Court award the following relief against Defendants, on the second cause of action:

a. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b. All costs and attorneys' fees incurred in prosecuting these claims; and

c. For such additional relief as the Court deems just, proper, and equitable;

**WHEREFORE**, Plaintiff respectfully requests that this Court award the following relief against Defendants, on the third cause of action:

a. Judgment against Defendants, ordering them to restore all losses, including lost investment income or interest suffered by the Employee Benefit Plans and its participant, as well as reimbursement for lost medical expenses on the New York Labor Law Section 217 claim;

b. All costs and attorneys' fees incurred prosecuting these claims; and

c. For such further relief as the Court deems just, proper, and equitable;

**WHEREFORE**, Plaintiff respectfully requests that this Court award the following relief against Defendants, on the fourth cause of action:

a. Ordering Defendants, jointly and severally, to pay an amount equal to the greater of:

   i. Interest on the unpaid contributions; or

   ii. Liquidated damages equal to 20% of the unpaid contributions; and

b. All costs and attorneys' fees incurred prosecuting those claims; and

c. For such further relief as the Court deems just, proper, and equitable;

**WHEREFORE**, Plaintiff respectfully requests that this Court award the following relief against Defendants, on the fifth cause of action:

a. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b. All costs and attorneys' fees incurred in prosecuting those claims; and

c. For further relief as this Court deems just, proper, and equitable;

**WHEREFORE**, Plaintiff respectfully requests that this Court award the following relief against Defendants, on the sixth cause of action:

a. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b. All costs and attorneys' fees incurred in prosecuting those claims;

c. For further relief as this Court deems just, proper, and equitable;

**WHEREFORE**, Plaintiff respectfully requests that this Court award the following relief against Defendants, on the seventh cause of action:

a. Compensatory damages in an amount to be determined at trial;

b. All costs and attorneys' fees incurred prosecuting these claims; and

c. For such further relief as the Court deems just, proper, and equitable;

**WHEREFORE**, Plaintiff respectfully requests that this Court award the following relief against Defendants, on the eighth cause of action:

a. On the eighth cause of action in an amount to be determined by the Court, together with interest, costs, and expenses;

b. For such further relief as this Court deems just, proper and equitable;

**WHEREFORE**, Plaintiff respectfully requests that this Court award the following relief against Defendants, on the ninth cause of action:

a. On the ninth cause of action in an amount to be determined by the Court, together with interest, costs, and expenses;

b. For such further relief as this Court deems just, proper, and equitable;

WHEREFORE, Plaintiff respectfully requests that this Court award the following relief against Defendants, on the tenth cause of action:

a. On the tenth cause of action in an amount to be determined by the Court, together with interest, costs, and expenses;

b. For such further relief as this Court deems just, proper, and equitable;

WHEREFORE, Plaintiff respectfully requests that this Court award the following relief against Defendants, on the eleventh cause of action:

a. On the eleventh cause of action in an amount to be determined by the Court, together with interest, costs, and expenses;

b. For such further relief as this Court deems just, proper, and equitable;

## JURY DEMAND

## PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated:    August 21, 2009
Valhalla, New York

Respectfully Submitted,

**GLASS KRAKOWER LLP**

By: _____
Bryan D. Glass (BG-9823)
20 Broadway, Suite 1

Valhalla, New York 10595
(914) 831-1386
Attorneys for Plaintiff