**MAVROMIHALIS PARDALIS & NOHAVICKA LLP**
Joseph D. Nohavicka (JN-2758)
Attorneys for Defendants
Vidipax LLC, Gail H. Clarke, Steven A. Goldberg, and John Krainin,
34-03 Broadway – Suite 200
Astoria, New York 11106
(718) 777-0400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JEFF WILLENS,

          *Plaintiff,*

    -against-

VIDIPAX LLC, GAIL H. CLARKE,
STEVEN A. GOLDBERG, AND JOHN KRAININ,

          *Defendants.*

------------------------------------------------------------------x

Civ. Action No.: CV 09 3669
(Block, J.)(Levy, M.J.)

<u>**ANSWER**</u>

**Trial by Jury Demanded**

TO: Brian D. Glass, Esq.
   GLASS KRAKOWER LLP
   Attorney for Plaintiff
   20 Broadway, Suite 1
   Valhalla, NY 10595
   Tel.: 646.280.8411
   Fax: 646.607.0123

Defendants VIDIPAX, LLP, GAIL H. CLARKE, STEVEN A. GOLDBERG, AND

JOHN KRAININ for their Answer to the Complaint, by their attorney, Joseph D. Nohavicka,

Esq., of MAVROMIHALIS, PARDALIS & NOHAVICKA LLP, state as follows:

<u>Preliminary Statement</u>

1.  Defendants deny having knowledge or information of the allegations in paragraph

"1" and deny any implied allegations of wrongdoing.

1

Jurisdiction and Venue

2.      Defendants deny the allegations in paragraph 2.

3.      Defendants deny having knowledge or information with respect to the allegations in paragraphs "3", "4", and "5", and deny any implied allegations of wrongdoing.

4.      Defendants deny the allegations made in paragraph "6" of the complaint except admit that VidiPax LLC maintained a place of business in the Eastern District of New York.

5.      Defendants deny the allegations of paragraphs "7" and "8" of the complaint.

Parties

6.      Defendants deny having knowledge or information with respect to the allegations in paragraph "9" of the complaint.

7.      Defendant denies the allegations of paragraph "10" of the complaint except admits that notice of the discontinuance of health coverage was provided to all insureds in February of 2009.

8.      Defendants admit the allegations in paragraph "11".

9.      Defendants deny the allegations in paragraph "12".

10.     Defendants deny the allegations in paragraph "13".

11.     Defendant denies the allegations in paragraph "14."

12.     Defendants deny the allegations in paragraph "15."

13.     Defendants deny the allegations in paragraph "16."

14.     Defendants deny the allegations in paragraph "17."

15.     Defendants deny the allegations in paragraph "18."

16.     Defendants deny the allegations in paragraph "19."

17.     Defendants deny the allegations in paragraph "20."

18.     Defendants deny the allegations in paragraph "21."

19.     Defendants deny the allegations in paragraph "22."

20.     Defendants deny the allegations in paragraph "23."

21.     Defendants deny the allegations in paragraph "24."

22.     Defendants deny the allegations in paragraph "25."

23.     Defendants deny the allegations in paragraph "26."

24.     Defendants deny the allegations in paragraph "27."


Facts

25.     Defendants deny the allegations in paragraph "28."

26.     Defendants deny the allegations in paragraph "29."


Denial of Medical Insurance Coverage

27.     Defendants deny the allegations in paragraph "30."

28.     Defendants deny the allegations in paragraph "31."

29.     Defendants deny the allegations in paragraph "32."

30.     Defendants deny the allegations in paragraph "33."

31.     Defendants deny the allegations in paragraph "34."

32.     Defendants deny the allegations in paragraph "35."

## Failure to Pay Overtime

33.     Defendants deny the allegations in paragraph "36."

34.     Defendants deny the allegations in paragraph "37."

35.     Defendants deny the allegations in paragraph "38."

36.     Defendants deny the allegations in paragraph "39."

37.     Defendants deny the allegations in paragraph "40."

38.     Defendants deny the allegations in paragraph "41."

## Failure of Defendants to Make 401(K) Contributions

39.     Defendants deny the allegations in paragraph "42."

40.     Defendants deny the allegations in paragraph "43."

## Failure of Defendants to Pay Earned Wages and to Pay Earned Wages on a Timely Basis

41.     Defendants deny the allegations in paragraph "44."

42.     Defendants deny the allegations in paragraph "45."

43.     Defendants deny the allegations in paragraph "46."

44.     Defendants deny the allegations in paragraph "47."

45.     Defendants deny the allegations in paragraph "48."

## Failure to Pay Commissions

46.     Defendants deny the allegations in paragraph "49."

47.     Defendants deny the allegations in paragraph "50."

48.     Defendants deny the allegations in paragraph "51."

49.     Defendants deny the allegations in paragraph "52."

50.     Defendants deny the allegations in paragraph "53."


First Cause of Action

51.     Defendants incorporate each and every admission, denial and other responses to the allegations pleaded by Plaintiff in paragraphs "1" through "53" as if restated here in full.

52.     Defendants deny the allegations in paragraph "55."

53.     Defendants deny the allegations in paragraph "56."

54.     Defendants deny the allegations in paragraph "57."

55.     Defendants deny the allegations in paragraph "58."

Second Cause of Action

56.     Defendants incorporate each and every admission, denial and other responses to the allegations pleaded by Plaintiff in paragraphs "1" through "58" as if restated here in full.

57.     Defendants deny the allegations in paragraph "60."

58.     Defendants deny the allegations in paragraph "61."

59.     Defendants deny the allegations in paragraph "62."

60.     Defendants deny the allegations in paragraph "63."

61.     Defendants deny the allegations in paragraph "64."

62.     Defendants deny the allegations in paragraph "65."

63.     Defendants deny the allegations in paragraph "66."

64.     Defendants deny the allegations in paragraph "67."

65.     Defendants deny the allegations in paragraph "68."

66.     Defendants deny the allegations in paragraph "69."

67.     Defendants deny the allegations in paragraph "70."

68.     Defendants deny the allegations in paragraph "71."

Fourth Cause of Action

69.     Defendants incorporate each and every admission, denial and other responses to the allegations pleaded by Plaintiff in paragraphs "1" through "71" as if restated here in full.

70.     Defendants deny the allegations in paragraph "73."

71.     Defendants deny the allegations in paragraph "74."

Fifth Cause of Action

72.     Defendants incorporate each and every admission, denial and other responses to the allegations pleaded by Plaintiff in paragraphs "1" through "74" as if restated here in full.

73.     Defendants deny the allegations in paragraph "76."

74.     Defendants deny the allegations in paragraph "77."

75.     Defendants deny the allegations in paragraph "78."

76.     Defendants deny the allegations in paragraph "79."

77.     Defendants deny the allegations in paragraph "80."

Sixth Cause of Action

78.     Defendants incorporate each and every admission, denial and other responses to the allegations pleaded by Plaintiff in paragraphs "1" through "81" as if restated here in full.

79.     Defendants deny the allegations in paragraph "82."

80.     Defendants deny the allegations in paragraph "83."

81.     Defendants deny the allegations in paragraph "84."

82.     Defendants deny the allegations in paragraph "85."

83.     Defendants deny the allegations in paragraph "86."

Seventh Cause of Action

84.     Defendants incorporate each and every admission, denial and other responses to the allegations pleaded by Plaintiff in paragraphs "1" through "86" as if restated here in full.

85.     Defendants deny the allegations in paragraph "88."

86.     Defendants deny the allegations in paragraph "89."

87.     Defendants deny the allegations in paragraph "90."

88.     Defendants deny the allegations in paragraph "91."

89.     Defendants deny the allegations in paragraph "92."

Eighth Cause of Action

90.     Defendants incorporate each and every admission, denial and other responses to the allegations pleaded by Plaintiff in paragraphs "1" through "92" as if restated here in full.

91.     Defendants deny the allegations in paragraph "94."

92.     Defendants deny the allegations in paragraph "95."

93.     Defendants deny the allegations in paragraph "96."

Ninth Cause of Action

94.     Defendants incorporate each and every admission, denial and other responses to the allegations pleaded by Plaintiff in paragraphs "1" through "96" as if restated here in full.

95.     Defendants deny the allegations in paragraph "98."

96.   Defendants deny the allegations in paragraph "99."

97.   Defendants deny the allegations in paragraph "100."

98.   Defendants deny the allegations in paragraph "101."

Tenth Cause of Action

99.   Defendants incorporate each and every admission. denial and other responses to the allegations pleaded by Plaintiff in paragraphs "1" through "101" as if restated here in full.

100.   Defendants deny the allegations in paragraph "103."

101.   Defendants deny the allegations in paragraph "104."

102.   Defendants deny the allegations in paragraph "105."

103.   Defendants deny the allegations in paragraph "106."

104.   Defendants deny the allegations in paragraph "107."

105.   Defendants deny the allegations in paragraph "108."

Eleventh Cause of Action

106.   Defendants incorporate each and every admission. denial and other responses to the allegations pleaded by Plaintiff in paragraphs "1" through "109" as if restated here in full.

107.   Defendants deny the allegations in paragraph "110."

108.   Defendants deny the allegations in paragraph "111."

109.   Defendants deny the allegations in paragraph "112."

110.   Defendants deny the allegations in paragraph" 113."

111.   Defendants deny the allegations in paragraph "114."

Prayer for Relief

As to the "WHEREFORE" Clauses

Defendants deny all statements and allegations contained therein, including any claim for relief set forth in all of the "WHEREFORE" clauses on all causes of action.

AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, Defendants assert the following defenses:

First Affirmative Defense

The Court lacks in personam jurisdiction over the within defendants.

Second Affirmative Defense

The Court lacks subject matter jurisdiction over the within causes of action.

Third Affirmative Defense

Any harm sustained by plaintiff was a result of his own culpable conduct.

Fifth Affirmative Defense

Plaintiff does not have standing to commence the within action.

Sixth Affirmative Defense

Statute of Limitations: the within action was not timely commenced.

Seventh Affirmative Defense

The complaint should be dismissed against these defendants because it is brought in bad faith and constitutes a violation of Rule 11(b) of the Federal Rules of Civil Procedure.

9

WHEREFORE, defendants demand judgment dismissing the complaint, awarding their costs, disbursements, attorney's fees, and such other and further relief that this Court deems proper.

Dated: Queens, New York
        October 1, 2009

MAVROMIHALIS, PARDALIS & NOHAVICKA LLP

By: _____

Joseph D. Nohavicka (JN-2758)

10

**MAVROMIHALIS PARDALIS & NOHAVICKA LLP**
Joseph D. Nohavicka (JN-2758)
Attorneys for Defendants
Vidipax LLC, Gail H. Clarke, Steven A. Goldberg, and John Krainin,
34-03 Broadway – Suite 200
Astoria, New York 11106
(718) 777-0400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JEFF WILLENS,                                           Civ. Action No.: CV 09 3669

                              *Plaintiff,*              (Block, J.)(Levy, M.J.)


                    -against-


VIDIPAX LLC, GAIL H. CLARKE,
STEVEN A. GOLDBERG, AND JOHN KRAININ,

                              *Defendants.*
-------------------------------------------------------------------x

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2009, the foregoing document was filed with

the Clerk of the Court in accordance with the Federal Rules of Civil Procedure and the Eastern

District Local Rules on Electronic Service upon the following parties and participants:

> Bryan D. Glass, Esq.
> GLASS KRAKOWER LLP
> Attorney for Plaintiff
> 20 Broadway, Suite 1
> Valhalla, NY 10595

Dated: Queens, New York
       October 2, 2009

                    MAVROMIHALIS PARDALIS & NOHAVICKA LLP

                              By: _____
                                   Joseph D. Nohavicka  (JN-2758)

11